## SUCCESSION OF MANION

(January 11, 1932. Opinion and Decree.)
(February 15, 1932. Rehearing Refused.)
(March 30, 1932. Writs of Certiorari and
  Review Refused by Supreme Court.)

Theo. Cotonio, Jr., and Theo. Cotonio, of New Orleans, attorneys for appellant.

H. W. Kaiser and John H. Hammel, Jr., of New Orleans, attorneys for appellee.

JANVIER, J. This controversy arises on opposition to a provisional account. The account shows receipts of $1,786.68 and that the administratrix proposes to pay certain preferred claims totaling $1,372.10.

It thus appears that if the said preferred claims are paid there will remain in the hands of the administratrix $424.48. (It will be noted that there is an error of $9.90 in these figures as they appear in the account, but this is of no importance in determining the issue involved here.) The account closes with a statement to the effect that this balance is to be retained for future distribution.

Opponent is admittedly an ordinary creditor of the estate in a sum somewhat in excess of $500. Though, her opposition as filed, contained many attacks on the correctness of the account, on the trial of the opposition her counsel conceded that the only matter in controversy is whether "his client is entitled to be paid the amount of money which is left over after the payment of the items which are mentioned on the account." It was thus conceded that the claims in the said account which the administratrix proposed to pay are actually entitled to priority and that the respective amounts set forth are correct.

Opponent contends that since no other ordinary creditor has opposed the account and since the account itself shows a balance on hand that that balance should be paid to her. If the account had been a final one and if opponent's claim had been recognized thereon, and if no other opposition than hers had been filed then, upon obtaining judgment recognizing her claim, opponent would have been entitled to the balance on hand or so much thereof as would have been necessary to pay her claim. But this account shows, on its face,

that it is only a provisional or preliminary one and that only preferred claims are to be paid and that the balance is to be retained for future distribution and the evidence shows that the ordinary debts of the succession amount to $100,000 or more. Therefore, if the contention of opponent be sustained she will be permitted to receive the entire balance reserved for ordinary creditors according to the provisional account and the other creditors, whose claims total $100,000 or more, will receive nothing or will receive only their pro rata distribution of such other collections as may be made by the administratrix.

It is true that the law favors the vigilant and that persons having claims against estates should be watchful so that in a timely and proper manner they may present their claims, but we know of no reason to permit an ordinary creditor to in this manner, force recognition on a provisional account which, on its face, purports to make payment only to preferred creditors when such action would result in the obtaining by that ordinary creditor of a preference over all others similarly situated.

Nor is Succession of Levy, 161 La. 511, 109 So. 49, authority to the contrary, and this for two reasons, first, because there the opponent, Hero, was a secured creditor and second, because the record did not show other debts but, on the contrary, that there were on hand funds "more than sufficient to pay him in full."

Opponent's fear that if her opposition be dismissed the judgment will have the effect of "res judicata" and will thereafter prevent her assertion of her claim is not well founded. All that is held by our brother below is that her claim cannot be presented by opposition to the provisional account as filed. She may, of course, in proper season, oppose any final account which does not recognize her or any other account which is prejudicial to her interests, or she may force the filing of an account in the event of undue delay on the part of the administratrix. But we quite agree with our brother below that the opposition by an ordinary creditor to the account, as presented here, which does not contain an attack on the correctness of the preferred claims, but only contends that the opponent should be placed on the account and paid out of the balance, should be dismissed.

The judgment appealed from is affirmed.